TJOFLAT, Circuit Judge,
concurring specially.
As I explain in my dissent to the court’s refusal to rehear Rodriguez en banc, the error in a case such as this — where the district "court enhances the defendant’s sentence on the basis of facts not admitted by the defendant or found by a jury — is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, 406 F.3d 1261 (11th Cir.2005) (Tjoflat, J., dissenting *395 from the denial of rehearing en bane).[2] Accordingly, the court should consider whether the error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993). The court declines to consider this issue because, as I agree, it is bound by the prior-panel rule, to-wit: Rodriguez’s holdings.

. In this case, the district court enhanced Cosme's base offense level of 6 by 8 levels. Combined with a category I criminal history, offense level 6 yielded a Guidelines sentence range of 0 to 6 months of imprisonment, whereas offense level 8 called for a sentence of 15 to 21 months’ imprisonment. The presentence report submitted to the court by its probation office stated, in paragraph 81, that "there is no apparent basis for departure.” Thus, had the court not enhanced Cosme’s base offense level by 8 levels, the maximum sentence the court could have imposed would have been 6 months’ imprisonment, 15 months less than Cosme received.